The trial court should have imposed limits on the plaintiffs' discovery requests for information regarding other policyholders of Philadelphia Life. The plaintiffs' request for information as to any past "pattern and practice" on the part of the defendant is extraordinarily broad. According to Rule 26(c), Ala. R. Civ. P., information sought through discovery must be limited to a reasonable geographical area, a reasonable time period, and a reasonable scope of inquiry. *Page 396 
The trial court did not impose any geographic limits on discovery. "Alabama does not have the power . . . to punish [a defendant] for conduct that was lawful where it occurred and that had no impact on Alabama or its residents. Nor may Alabama impose sanctions on [a defendant] in order to deter conduct that is lawful in other jurisdictions." BMW of North America,Inc. v. Gore, ___ U.S. ___, ___, 116 S.Ct. 1589, 1597-98,134 L.Ed.2d 809 (1996). The plaintiffs' discovery request should be limited to events that occurred in the State of Alabama within a certain limited time and should cover only claims and disputes that are similar to those involved in this case. I think this Court should issue a writ of mandamus directing the trial court to enter a protective order to prevent unreasonable discovery.